IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>ROYCE LOVE,<br><br>        Defendant. | 4:23-CR-3050<br><br>TENTATIVE FINDINGS |

The Court has received the presentence investigation report in this case. The defendant has objected to the presentence report (filing 29) and moved for a downward variance (filing 30).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant has objected to the presentence report in two respects. First, the defendant objects to the presentence report's failure to provide a two-level reduction to the offense level pursuant to U.S.S.G. § 2G2.2(b)(1), which is available when "the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor" and "the defendant did not intend to traffic in, or distribute, such material." Filing 29. There are two requirements for that reduction: that the defendant didn't intend to distribute, *and* that the defendant's conduct was *actually* limited to receipt or solicitation. *United States v. Shelabarger*, 770 F.3d 714, 718 (8th Cir. 2014).

In other words, any transferring or sharing—without regard to knowledge—precludes application of this reduction. *United States v. Scruggs*, 799 F. App'x 432, 433 (8th Cir. 2019); *see Haney v. United States*, 962 F.3d 370, 374 (8th Cir. 2020). And while the government

bears the burden of proving the applicability of an enhancement to the offense level, the defendant bears the burden of proving the applicability of a reduction to the offense level. *Shelabarger*, 770 F.3d at 717-18. Accordingly, the Court will resolve this issue at sentencing.

Second, the defendant objects to restitution, because he has no assets to pay it. Filing 29 at 2. But restitution is mandatory under 18 U.S.C. § 2259(b)(4)(A). The statute is clear: "A court may not decline to issue an order under this section because of . . . the economic circumstances of the defendant. . . ." § 2259(b)(4)(B)(i). Accordingly, the Court's tentative conclusion is that the defendant's objection in this respect should be overruled.

The defendant has also moved for a downward variance based on his personal circumstances, the circumstances of the offense, and this Court's decisions in *United States v. Abraham*, 944 F. Supp. 2d 723 (D. Neb. 2013) and *United States v. Smith*, No. 4:20-CR-3085, 2021 WL 4947575 (D. Neb. Oct. 25, 2021). Filing 30. The Court will resolve that motion at sentencing.

Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

3. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings,

  supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

4. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

5. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 17th day of January, 2024.

          BY THE COURT:

          _____
          John M. Gerrard
          Senior United States District Judge